# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

BENJAMIN GONZALES,

    Petitioner,

v.

MIKE EVANS, Warden,

    Respondent.

Case No. CV 08-0820-AG (JTL)

MEMORANDUM AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AND DISMISSING PETITION WITH LEAVE TO AMEND

On February 6, 2008, Benjamin Gonzales ("Petitioner"), a prisoner in state custody, filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. Section 2254. On June 6, 2008, Mike Evans ("Respondent") filed a Motion to Dismiss Petition for Writ of Habeas Corpus ("Motion to Dismiss"), contending that the Petition should be dismissed because several of the claims alleged therein are unexhausted. Petitioner did not file an Opposition to the Motion to Dismiss.

This matter is now ready for decision.

## BACKGROUND

On August 10, 2005, a Los Angeles County jury convicted Petitioner of one count of continuous sexual abuse (Cal. Penal Code § 288.5(a); count 1) and six counts of committing a lewd act upon a child (Cal. Penal Code § 288(a)); counts 2-7). The jury further found true the

allegations that five of the six lewd acts constituted substantial sexual conduct with the victim, who was under the age of fourteen (Cal. Penal Code § 1203.066(a)(8)). (Respondent's Lodgment No. 1, Clerk's Transcript ["CT"] at 205-15). On August 22, 2005, the trial court sentenced Petitioner to state prison for a term of twenty-two (22) years. (CT at 252-59).

Petitioner appealed his conviction to the California Court of Appeal. (See Respondent's Lodgment Nos. 2, 3). On November 2, 2006, in an unpublished opinion, the court of appeal remanded the matter to the trial court to permit it to exercise its discretion to impose a consecutive or concurrent term as to count 2, but affirmed the judgment in all other respects. (Respondent's Lodgment No. 4). Petitioner then filed a petition for review in the California Supreme Court. (Respondent's Lodgment No. 5). On February 21, 2007, the California Supreme Court summarily denied the petition for review. (Respondent's Lodgment No. 6).

Petitioner then filed the instant Petition.

## PETITIONER'S CLAIMS

1. The trial court erroneously failed to advise the jury of the correct dates associated with a charge of continuous sexual abuse under California Penal Code section 288.5. (Petition at 5, "Petition for Writ of Habeas Corpus After Exhaustion of State Appeals" at 2, Exh. A at 2, 21-22; Respondent's Lodgment No. 5 at 2, 21-22).

2. The evidence was insufficient to support Petitioner's conviction under California Penal Code section 288 because the evidence came from the generic testimony of a child witness. (Petition at 5, "Petition for Writ of Habeas Corpus After Exhaustion of State Appeals" at 2, Exh. A at 2, 22-27; Respondent's Lodgment No. 2, 22-27).

3. Prosecutorial misconduct and illegal testimony. (Petition at 6).

4. The trial court erred by staying the sentence on count 2, when count 2 occurred within the same time frame as Petitioner's conviction in count 1, for continuous sexual abuse. (Petition at 6, "Petition for Writ of Habeas Corpus After Exhaustion of State Appeals" at 3, Exh. A at 2, 33-35; Respondent's Lodgment No. 5 at 2, 33-35).

5. The trial court violated Petitioner's constitutional right to due process and equal

2

protection by admitting evidence of Petitioner's prior acts of sexual abuse under Evidence Code section 1108 to prove his propensity to commit sexual offenses. (Petition at 6, "Petition for Writ of Habeas Corpus After Exhaustion of State Appeals" at 3, Exh. A at 2, 35-41; Respondent's Lodgment No. 5 at 2, 35-41).

6. The cumulative effect of various errors rendered Petitioner's trial unfair. (Petition, "Petition for Writ of Habeas Corpus After Exhaustion of State Appeals" at 4).

7. Petitioner was entitled to receive a transcript of the contents of intercepted wire communications and a copy of the court order and accompanying application under which the interception was authorized, and failure to comply with this discovery rule precluded admission of evidence of the interception. (Petition, "Petition for Writ of Habeas Corpus After Exhaustion of State Appeals" at 3).

**DISCUSSION**

Respondent concedes Claims One, Two and Five are exhausted, but contends that the Petition should be dismissed because Claims Three, Four and Six are unexhausted. (Motion to Dismiss at 2, 4). As discussed below, the Court agrees. The Court further finds that Claim Seven is unexhausted.

A state prisoner must exhaust his state court remedies before petitioning for a writ of habeas corpus in federal court. 28 U.S.C. § 2254(b); Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam). A petitioner satisfies the exhaustion requirement if the petitioner has fairly presented the federal claims to the state courts in order to give the state the opportunity to pass upon alleged violations of the prisoner's federal rights. Id. at 365. A claim has been fairly presented to the state's highest court if the petitioner has described both the operative facts and the federal legal theory on which the claim is based. See id. at 366.

Unless the state expressly waives the exhaustion requirement, a federal court cannot grant a state prisoner's habeas petition if the prisoner has not exhausted state remedies with respect to each and every claim contained in the petition. 28 U.S.C. § 2254(b); Reutter v.

Crandel, 109 F.3d 575, 578 (9th Cir. 1997) (even petitions containing both exhausted and unexhausted claims are subject to dismissal); Rose v. Lundy, 455 U.S. 509, 522 (1982); Calderon v. United States Dist. Ct., 107 F.3d 756, 760 (9th Cir. 1997). Thus, a federal habeas corpus petition that includes both exhausted and unexhausted claims is a "mixed petition" and should be dismissed in its entirety without prejudice. See Rose v. Lundy, 455 U.S. at 510, 522; see also Castile v. Peoples, 489 U.S. 346, 349 (1989). "The appropriate time to assess whether a prisoner has exhausted his state remedies is when the federal habeas petition is filed, not when it comes on for a hearing in the district court or court of appeals." Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 2000) (quoting Brown v. Mass, 11 F.3d 914, 915 (9th Cir. 1993)).

The Ninth Circuit has recognized that, for purposes of exhaustion, pro se habeas petitions are held to a more lenient standard than counseled petitions. Sanders v. Ryder, 342 F.3d 991, 999 (9th Cir. 2003) (citing Peterson v. Lampert, 319 F.3d 1153, 1159 (9th Cir. 2003) ("[T]he complete exhaustion rule is not to trap the unwary pro se prisoner.") (quoting Slack v. McDaniel, 529 U.S. 473, 487 (2000))); see also Davis v. Silva, 511 F.3d 1005, 1009 & n.4 (9th Cir. 2008).

Respondent contends that Claims Three and Six are unexhausted because Petitioner never raised the claims before the California Supreme Court. (See Motion to Dismiss at 4). In Claim Three, which Petitioner labeled as "prosecutorial misconduct and illegal testimony," Petitioner appears to be asserting that the prosecutor committed misconduct by using improperly admitted testimony at trial. (See Petition at 6). In support of this claim, Petitioner directs the Court's attention to the "exhibits and brief" attached to the Petition, which include Petitioner's petition for review to the California Supreme Court and additional briefing submitted by Petitioner's counsel to the California Court of Appeal on direct appeal. (See Petition at 6, Exhs. A, B). Although Petitioner raised claims in his petition for review to the California Supreme Court relating to the trial court's admission of certain evidence and testimony at trial (see, e.g., Petition, Exh. A at 6-8, 11-12, 30-33, 35-44; Respondent's Lodgment No. 5 at 6-8,

11-12, 30-33, 35-44), Petitioner did not raise, as he does in the instant Petition, a claim of prosecutorial misconduct in the petition for review.[1]  Nor did Petitioner raise a claim in his petition for review, as he does in Claim Six, that the cumulative effect of various errors rendered Petitioner's trial unfair. (See Petition, "Petition for Writ of Habeas Corpus After Exhaustion of State Appeals" at 4). Accordingly, the Court finds that Claims Three and Six are unexhausted.

In Claim Four, Petitioner claims that the trial court erred by staying the sentence on count 2, when count 2 occurred within the same time frame as Petitioner's conviction in count 1, for continuous sexual abuse. (See Petition at 6, "Petition for Writ of Habeas Corpus After Exhaustion of State Appeals" at 3, Exh. A at 2, 33-35; Respondent's Lodgment No. 5 at 2, 33-35). Although Petitioner previously raised this claim in his petition for review to the California Supreme Court, the Court agrees with Respondent that Petitioner presented the claim on state, not federal grounds. (See Motion to Dismiss at 4).  Petitioner did not cite to any federal authorities or case law in support of his claim, or otherwise put the California Supreme Court on notice that Petitioner was alleging a violation of a federal constitutional right.  (See Respondent's Lodgment No. 5 at 33-35). Thus, the Court finds that Claim Four is unexhausted. See Gray v. Netherland, 518 U.S. 152, 162-63 (1996) ("[F]or purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief."); Fields v. Waddington, 401 F.3d 1018, 1021-22 (9th Cir. 2005); Castillo v. McFadden, 399 F.3d 993, 1000 (9th Cir. 2004) (stating that in order to "exhaust his claim, [a petitioner] must have presented his federal, constitutional issue before the [state appellate courts] within the four corners of his appellate briefing."); Lyons v. Crawford, 232 F.3d 666, 668 (9th Cir. 2000) (to satisfy the fair presentation requirement, "the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal

---

[1] Respondent argues that Claim Three has not been presented in any state court. (Motion to Dismiss at 4). The Court agrees. Petitioner did not raise the claim in his Opening Brief in the California Court of Appeal, or in the additional briefing provided by Petitioner's counsel at the court of appeal's request. (See Respondent's Lodgment No. 2; Petition, Exh. B).

basis is 'self evident[.]'") (internal citations omitted), amended by 247 F.3d 904 (9th Cir. 2001).

Finally, Petitioner has failed to allege that he raised Claim Seven – that Petitioner was entitled to receive a transcript of the contents of intercepted wire communications and a copy of the court order and accompanying application under which the interception was authorized, and failure to comply with this discovery rule precluded admission of evidence of the interception – before the California Supreme Court. (See Petition, "Petition for Writ of Habeas Corpus After Exhaustion of State Appeals" at 3). Indeed, Petitioner acknowledges in the instant Petition that this claim was not raised in the California Court of Appeal or in the California Supreme Court. (See id. ("Finally, an issue that WAS NOT heard by the courts and dismissed by the appellate attorney is hereby revived for some consideration[.]"). As such, Claim Seven is unexhausted.

**ORDER**

**IT IS HEREBY ORDERED** that Respondent's Motion to Dismiss is **GRANTED** and the Petition is **DISMISSED WITH LEAVE TO AMEND**. Petitioner may pursue one of the following options:

(1) First, Petitioner may, within twenty-one (21) days of the date of this Order, inform the Court that he elects to abandon his unexhausted Claims Three, Four, Six and Seven, and pursue this action solely on the basis of his exhausted claims, by filing a First Amended Petition for Writ of Habeas Corpus ("First Amended Petition") on the approved Central District habeas form that deletes the unexhausted claims. See James v. Giles, 221 F.3d 1074, 1077 (9th Cir. 2000). The clerk is directed to provide Petitioner with a blank Petition for Writ of Habeas Corpus Form approved by the Central District for this purpose.

The Court cautions Petitioner that by filing a First Amended Petition in which he abandons his unexhausted Claims Three, Four, Six and Seven, Petitioner would risk forfeiture of the deleted claims. If Petitioner later exhausts the deleted claims and wishes to return to federal court, any future federal habeas petition by Petitioner addressing the same conviction

may be precluded as successive under 28 U.S.C. Section 2244(a)-(b) or as untimely by the statute of limitations under 28 U.S.C. Section 2244(d).[2]

(2) Second, Petitioner may, within twenty-one (21) days from the date of this Order, file a motion requesting that the Court stay the instant Petition. Should he elect to do so, Petitioner must file a Motion to Stay Petition. Additionally, in light of Rhines v. Weber, 544 U.S. 269 (2005), Petitioner should set forth in the motion whether "good cause" exists for Petitioner's failure to exhaust his currently unexhausted Claims Three, Four, Six and Seven, and whether Petitioner has been diligent in pursuing relief. The Court will then determine whether a stay and abeyance procedure is available to Petitioner. If the Court grants Petitioner's Motion to Stay Petition, Petitioner may then return to state court and exhaust his currently unexhausted Claims Three, Four, Six and Seven. Thereafter, the Petition will be stayed for thirty (30) days following entry of a final judgment by the California Supreme Court on Petitioner's new state petition.

Once the California Supreme Court has decided Petitioner's new state habeas petition, Petitioner may then file a Motion to Amend the instant Petition to add the newly exhausted

---

[2] All habeas petitions challenging a state court conviction are subject to AEDPA's one-year statute of limitations. The one-year statute of limitations is "statutorily tolled" under Section 2244(d)(2) for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Here, "properly filed" refers to the requirements for filing, not the requirements for obtaining relief. See Tillema v. Long, 253 F.3d 494, 499 (9th Cir. 2001) (applying Artuz v. Bennett, 531 U.S. 4 (2000)). The limitation period "is tolled during the pendency of a state application challenging the pertinent judgment, even if the particular application does not include a claim later asserted in the federal habeas petition." Tillema, 253 F.3d at 502. An application for collateral review is "pending" in state court "as long as the ordinary state collateral review process is in continuance – i.e., until the completion of that process." Carey v. Saffold, 536 U.S. 214, 219-20 (2002). The statute of limitations is not tolled between the time a final decision is issued on direct review and the time the first state collateral challenge is filed, because there is no case "pending" during that time. See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), cert. denied, 529 U.S. 1104 (2000). Statutory tolling also does not apply during the pendency of a prior federal habeas petition. See Duncan, 533 U.S. at 181-82.

Further, the Ninth Circuit permits equitable tolling of the statute limitations period only "if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Calderon v. United States Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir.), cert. denied, 526 U.S. 1060 (1999) (petitioner's mental incompetence rendered him unable to assist counsel). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Lott v. Mueller, 304 F.3d 918, 922 (9th Cir. 2002) (quoting Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999)).

Claims Three, Four, Six and Seven. The Court admonishes Petitioner that he may not raise any newly exhausted claims that were not raised in his original Petition in any future amended federal habeas petition; if Petitioner raises claims that he failed to raise in his original Petition, the statute of limitations may bar the new claims.[3]

(3) Finally, Petitioner may elect to return to state court for the purpose of exhausting his state remedies on all claims and later file another habeas petition in federal court containing only exhausted claims. If Petitioner elects to return to state court for this purpose, Petitioner may, within twenty-one (21) days of the date of this Order, inform the Court that he wishes to voluntarily dismiss the entire Petition without prejudice by filing a Notice of Intent to Voluntarily Dismiss Petition.

The Court, however, admonishes Petitioner that any new petition would be subject to the statute of limitations in 28 U.S.C. Section 2244(d).[4] Although 28 U.S.C. Section 2244(d)(2) tolls the limitations period during the pendency of "a properly filed application for State post-conviction or other collateral review," the limitations period would not be tolled during the pendency of the instant federal Petition. Duncan, 533 U.S. at 176-78. Thus, if Petitioner elects to dismiss the Petition and return to state court, any new federal petition may be barred by the one-year statute of limitations unless Petitioner can establish adequate grounds for equitable or statutory tolling. Accordingly, if Petitioner intends to elect this option, the Court shall prepare a Report and Recommendation for the District Court stating that Petitioner has elected to dismiss the Petition without prejudice. See Hunt v. Pliler, 336 F.3d 839 (9th Cir. 2003).

///
///
///
///
///

---

[3] See supra n.2.

[4] See supra n.2.

1 The Court cautions Petitioner that his failure to timely respond to this Order may result
2 in a recommendation that the action be dismissed without prejudice for failure to exhaust state
3 remedies and failure to prosecute.
4 DATED: July 10, 2008

/s/
JENNIFER T. LUM
UNITED STATES MAGISTRATE JUDGE