# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN GONZALES, <br><br> Petitioner, <br><br> v. <br><br> MIKE EVANS, Warden, <br><br> Respondent. | Case No. CV 08-0820-AG (JTL) <br><br> ORDER TO SHOW CAUSE WHY PETITION FOR WRIT OF HABEAS CORPUS SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE |

On February 6, 2008, Benjamin Gonzales ("Petitioner"), a prisoner in state custody, filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. Section 2254. On June 6, 2008, Mike Evans ("Respondent") filed a Motion to Dismiss Petition for Writ of Habeas Corpus ("Motion to Dismiss"), contending that the Petition should be dismissed because several of the claims alleged therein are unexhausted. Petitioner did not file an Opposition to the Motion to Dismiss.

On July 10, 2008, the Court issued a Memorandum and Order Granting Respondent's Motion to Dismiss and Dismissing Petition with Leave to Amend on the ground that Petitioner had failed to exhaust four of the seven claims for relief asserted in the Petition. In the Order, the Court explained that a state prisoner must exhaust his state court remedies before petitioning for a writ of habeas corpus in federal court.[1] (See July 10, 2008 Order at 3). The

---

[1] See 28 U.S.C. § 2254(b); Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam).

Court also explained that a petitioner satisfies the exhaustion requirement if the petitioner has fairly presented the federal claims to the state courts in order to give the state the opportunity to pass upon alleged violations of the prisoner's federal rights, and that a claim has been fairly presented to the state's highest court if the petitioner has described both the operative facts and the federal legal theory on which the claim is based.[2]  (See July 10, 2008 Order at 3).  The Court also explained that a federal habeas corpus petition that includes both exhausted and unexhausted claims is a "mixed petition" and should be dismissed in its entirety without prejudice.  (Id. at 4).  Thus, the Court directed Petitioner to file no later than July 31, 2008[3] one of the following:  (1) a First Amended Petition that deletes, and thus abandons, Petitioner's unexhausted claims; (2) a Motion to Stay Petition, requesting that the Court stay the Petition so he may return to state court and exhaust his currently unexhausted claims and setting forth whether "good cause" exists for Petitioner's failure to exhaust; or (3) a Notice of Intent to Voluntarily Dismiss Petition, informing the Court that he wishes to voluntarily dismiss the entire Petition without prejudice in order to return to state court for the purpose of exhausting his state remedies on all claims and later file another habeas petition in federal court containing only exhausted claims.  (See id. at 6-8).  The Court also admonished Petitioner that his failure to timely respond to the Court's Order may result in a recommendation that the action be dismissed for failure to exhaust state remedies and failure to prosecute.  (Id. at 9).

As of July 31, 2008, Petitioner had not filed any of the aforementioned pleadings. Subsequently, on August 12, 2008, the Court issued an Order sua sponte extending the time for Petitioner to file a First Amended Petition to August 22, 2008, and noting that no further extensions would be granted absent extraordinary circumstances.

On August 21, 2008, Petitioner filed a "Motion Foregoing First Amended Petition Per Civil Minutes, General, August 12, 2008 With Explanation and Exhibit."  On August 25, 2008,

---

[2] See Duncan, 513 U.S. at 365-66.

[3] The Court ordered Petitioner to file a responsive pleading within twenty-one (21) days of the Court's July 10, 2008 Order, which was on or before July 31, 2008.

the Court issued an Order requiring Petitioner to clarify which one of the three options that the Court set forth in its July 10, 2008 Order Petitioner wished to pursue, by filing (1) a First Amended Petition for Writ of Habeas Corpus that deletes his unexhausted claims; (2) a Motion to Stay Petition; or (3) a Request to Voluntary Dismiss Petition Without Prejudice. (See August 25, 2008 Order at 2).

Thereafter, on September 3, 2008, Petitioner filed a "Response to Motion for Order (17) Dated 08/25/08" ("Response"), in which he stated that he was electing to dismiss his Petition without prejudice because he "cannot prepare a timely or accurate First Amended Petition due to out of state transfer, and that he has filed a petition to exhaust his unexhausted claims in the California Supreme Court and, once the California Supreme Court has issued a decision, Petitioner "will set the situation for further court action as required." (Response at 1-2). Based on Petitioner's statements, and the Court's review of the relevant documents in this case, the Court issued an Order declining to construe the Response as a Request to Voluntarily Dismiss the Petition Without Prejudice. (See September 8, 2008 Order at 1). Specifically, the Court noted that it appeared that dismissal of the Petition without prejudice would, in effect, be a dismissal with prejudice because the statute of limitations would bar any new federal petition. (Id. at 1-2 & n.1). Furthermore, because Petitioner had stated that he was electing to dismiss the Petition because he was being transferred and, thus, could not file a timely First Amended Petition, and indicated that he was in the process of exhausting his claims in the California Supreme Court, the Court construed Petitioner's Response as a request for an extension of time to file either (1) a First Amended Petition that deletes his unexhausted claims or (2) a Motion to Stay Petition while he exhausts his claims in the California Supreme Court, as set forth in the Court's July 10, 2008 Order. (Id. at 2). The Court granted Petitioner's request and ordered Petitioner to file a First Amended Petition or Motion to Stay by September 29, 2008. (Id.). To date, Petitioner has not filed a First Amended Petition or a Motion to Stay, nor has he requested an extension of time to do so.

Therefore, because Petitioner has failed to comply with the Court's July 10, 2008 Order, the Court **ORDERS** Petitioner to show cause in writing why the Petition should not be dismissed

1 without prejudice for failure to exhaust state remedies and for failure to prosecute. Petitioner's
2 Response to the Court's Order to Show Cause shall be due within ten (10) days of the date of
3 this Order. Petitioner's failure to respond to this Order to Show Cause will be deemed as
4 consent to the dismissal of this case, and the Court will recommend that the matter be
5 dismissed without prejudice.
6 DATED: January 5, 2009

/s/
JENNIFER T. LUM
UNITED STATES MAGISTRATE JUDGE